The INSURANCE COMPANY OF the
STATE OF PENNSYLVANIA,
Plaintiff,

v.

Clarence J. AMARAL, Defendant.

Civ. A. No. 67–G–159.

United States District Court
S. D. Texas,
Galveston Division.

Feb. 28, 1968.

Bryan Williams, Galveston, Tex., and Jack G. Carinhas, Jr., Brownsville, Tex., for plaintiff.

L. G. Kratochvil, Houston, Tex., for defendant.

NOEL, District Judge.

## MEMORANDUM AND ORDER

This is an action, alleged to be upon an admiralty and maritime claim under Rule 9(h), Fed.R.Civ.P., for declaratory judgment pursuant to 28 U.S.C. section 2201 and Rule 57, Fed.R.Civ.P. Plaintiff has instituted this suit for the purpose of obtaining a determination from this court as to whether a constructive total loss of defendant's shrimp trawler, Miss Heather, was covered by the terms of a marine hull insurance policy issued by plaintiff to defendant.

Defendant, maintaining that a declaratory judgment action cannot rest upon

admiralty or maritime jurisdiction, has moved to dismiss plaintiff's admiralty complaint, and urges the court to transfer the case to the civil side of the docket[1] or, alternatively, to direct plaintiff to amend its complaint by striking the allegation that the action for declaratory judgment is an action upon an admiralty and maritime claim within the meaning of Rule 9(h). Defendant, as a part of his motion, gives notice of his demand for trial by jury, which he contends he is entitled to under Rule 57.

The sole issue presented to the court at this time is whether plaintiff's action for declaratory judgment can be brought under the admiralty and maritime jurisdiction of the court—within the meaning of Rule 9(h)—and, if so, whether the defendant is entitled to a trial by jury on the issues presented therein.

Prior to the unification of the Civil and Admiralty Rules, effective July 1, 1966, Admiralty Rule 59 made provision for obtaining declaratory judgments in cases of admiralty and maritime jurisdiction.[2] See 2 Benedict, Admiralty 9–10 (1967 Supp.). Admiralty Rule 59, which tracked the language of Civil Rule 57,[3] was rescinded July 1, 1966. Thereafter declaratory judgment practice was to be governed by Civil Rule 57. See 7A Moore, Federal Practice para. .01 (1967).

Rule 57 provides as follows:

The procedure for obtaining a declaratory judgment pursuant to Title 28 U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

It is clear that "in proper cases an insurer may obtain a declaratory judgment as to the validity, continuance, or coverage of an insurance policy * * *." 6A Moore, Federal Practice para. 57.19, at 3110 (1966). Defendant does not argue that plaintiff's complaint is not properly brought under Rule 57, but contends that a declaratory judgment cannot rest upon admiralty and maritime jurisdiction; i. e., that this is not an action upon an admiralty or maritime claim within the meaning of Rule 9(h) and, therefore, it should be transferred to the civil side of the docket.

Long ago it was settled that an action upon a maritime insurance policy is within the admiralty and maritime jurisdiction of the federal courts. New England Mut. Ins. Co. v. Dunham, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870); DeLovio v. Boit, 7 Fed.Cas. 418 (No. 3,776) (C.C.D.Mass.1815). See Gilmore and Black, Admiralty § 2–1 (1957). In 1961, the admiralty court received the power and jurisdiction to entertain an action for declaratory relief pursuant to Admiralty Rule 59. The procedure outlined by Admiralty Rule 59 did not become extinct when it was rescinded in 1966, but was carried forward in Civil Rule 57. Thus, in a proper case where jurisdiction rests upon the admiralty and maritime nature of the claim, the court may entertain an action for declaratory judgment which is founded upon that claim. The case at hand is a proper case.

[1]. Defendant alleges that the court has civil jurisdiction of the action because there is diversity of citizenship and jurisdictional amount. The allegation finds support in the Original Complaint, which states that plaintiff is duly incorporated in Pennsylvania and that defendant is a citizen of Florida.

[2]. Rule 59 became effective July 19, 1961.

[3]. The only modification in Admiralty Rule 59 was the identification of the reference to Rules 38 and 39 as being the Federal Rules of Civil Procedure.

■ Defendant contends that Rule 57 gives him the right to a trial by jury. I cannot agree. Rule 57 provides that "the right to trial by jury may be demanded *under the circumstances* and in *the manner provided in Rule 38* and 39. * * *" (Emphasis added.) Rule 38, however, was amended in 1966 to provide: "These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Fed. R.Civ.P., Rule 38(e).

Plaintiff has denominated his complaint as "an action upon an admiralty and maritime claim within the meaning of Rule 9(h). * * *" Irrespective of of the possibility that jurisdiction might have been based upon diversity of citizenship and jurisdictional amount, plaintiff has chosen to identify the action as one within the admiralty and maritime jurisdiction of the court; i. e., an action upon the maritime nature of the marine hull insurance policy.[4]

The court's jurisdiction, therefore, is based upon the admiralty or maritime nature of the claim. 1A Barron and Holtzoff, Federal Practice and Procedure § 309 (1967 Supp.) Defendant is not entitled to a trial by jury. Texas Menhaden Co. v. Palermo, 329 F.2d 579 (5th Cir. 1964) (Per Curiam); McCann v. Falgout Boat Co., 44 F.R.D. 34 (S.D. Tex. 1968); 2 B Barron and Holtzoff, op. cit. supra § 871 (1967 Supp.); 7 Moore, op. cit. supra § 57.30 (1966).

Defendant's motion to dismiss plaintiff's action for declaratory judgment and to transfer the case to the civil docket is denied. Plaintiff shall not be required to amend its complaint with respect to its Rule 9(h) allegation. Defendant's demand for trial by jury also is denied.

4. Rule 9(h) is only a means for identifying the claim as being within the court's admiralty and maritime jurisdiction. Ju-

risdiction itself is predicated upon 28 U. S.C. § 1333.