**ARKWRIGHT–BOSTON MANUFACTUR-
ERS MUTUAL INSURANCE
COMPANY, Plaintiff,**

v.

**BAUER DREDGING COMPANY, INC.,
and Texas Gas Transmission
Corporation, Defendants.**

**Civ. A. No. 75–H–330.**

United States District Court,
S. D. Texas,
Houston Division.

April 29, 1977.

G. Byron Sims, Brown, Teed & Sims, Houston, Tex., for plaintiff.

John L. Murchison, Jr., Paul E. Stallings, Vinson & Elkins, Houston, Tex.; for defendants.

ORDER

SINGLETON, District Judge.

The plaintiff brings this action under the admiralty and maritime jurisdiction of this court and, alternatively, bases jurisdiction on diversity of citizenship. The plaintiff further identifies this claim as an admiralty and maritime claim under Fed.R.Civ.P. 9(h). Upon such identification and under such circumstances, there is normally no right of the defendant to have a jury trial on any issue. 9 Wright & Miller, Federal Practice and Procedure § 2315 (1971); *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir. 1975), aff'g 368 F.Supp. 890 (E.D.Tex. 1974); *cf. Oroco Marine, Inc. v. National Marine Service, Inc.*, 71 F.R.D. 220 (S.D. Tex.1976). The defendants have demanded a jury trial arguing that the above-stated general rule should not be followed where, as here, the plaintiff seeks declaratory relief.

The plaintiff seeks a declaration that as a secondary insurance carrier it is not liable on a marine insurance policy it carried for the defendants because of the defendants' breach. The defendants originally counterclaimed for a declaratory judgment that the plaintiff-carrier is liable to them under the policy. However, the defendants have filed an amended counterclaim and now seek damages from the plaintiff. There is no doubt that in the proper case an insurer may obtain a declaratory judgment as to the coverage of an insurance policy. 6A

---

Moore, Federal Practice and Procedure § 57.19 (1974). There is also little doubt that a suit on a maritime insurance contract is a proper matter within federal admiralty jurisdiction. *Insurance Co. v. Dunham*, 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870); *Kossick v. United Fruit Co.*, 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); 1 Benedict on Admiralty §§ 182–184, 242 (7th ed. 1975).

The sole question here is which party has the right to characterize this action. This being an action for declaratory relief, defendants insist that but for losing the "race to the courthouse," they, as "true plaintiffs," should now be granted the right to characterize this action on the "law" side of this court and thus obtain a jury trial.

The defendant's reliance on this court's decision in *E. F. Hutton v. Cook*, 292 F.Supp. 409 (S.D.Tex.1968) is misplaced. In that case, the court held that to pursue declaratory relief, under those circumstances, would be to permit an unintended usage of the Declaratory Judgment Act. It involved neither a realignment of parties nor consideration of the weight required to be given an admiralty plaintiff's characterization. More important here, in *Insurance Co. of the State of Pennsylvania v. Amaral*, 44 F.R.D. 45 (S.D.Tex.1968), a suit for declaratory relief, Judge Noel held that the plaintiff's designation of the action as an admiralty and maritime claim would preclude the jury trial demanded by the defendant. *See also Cateora v. British Atlantic Assurance, Ltd. of Nassau*, 282 F.Supp. 167, (S.D.Tex.1968).

This court has been presented with no compelling reason to hold otherwise. If a defendant in an admiralty action for declaratory relief could so easily defeat the court's admiralty jurisdiction, it would destroy the use of such relief in maritime cases by making a mockery of the plaintiff's right to designate his action as a Rule 9(h) claim. This is not unlike a case where, because a plaintiff files his complaint in admiralty, a defendant may not demand a jury trial for a counterclaim which, had the defendant been the first to the courthouse, would have been tried to a jury. *Alaska Barite Company v. Freighters, Inc.*, 54 F.R.D. 192 (N.D.Cal.1972).

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the defendants' demand for a jury be, and the same is hereby, stricken. This case shall proceed to trial before the court.