INSURANCE COMPANY OF NORTH AMERICA, a corporation, Plaintiff,

v.

Richard W. VIRGILIO, an individual, Defendant.

Richard W. VIRGILIO, Counterclaimant,

v.

INSURANCE COMPANY OF NORTH AMERICA, a corporation, Counterdefendant.

Civ. No. 83–0628–E(H).

United States District Court, S.D. California.

Sept. 9, 1983.

Francis J. McLaughlin, Lillick, McHose & Charles, Los Angeles, Cal., for plaintiff.

John F. Hilbert, Miller, Boyco & Bell, San Diego, Cal., for defendant.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

### FACTS/BACKGROUND

This case arises from a boating accident which occurred on San Diego Bay. The defendant's son was operating a Boston Whaler which collided with another boat. Virgilio was named as a defendant in a state action stemming from the incident. In March 1983, plaintiff Insurance Company of North America (herein INA) notified the defendant that his "Windjammer" insurance policy would not cover his potential liability in the state-side action.

INA filed an action in this court, seeking a declaration that the insurance contract did not cover Virgilio's claim. Plaintiff, a Delaware corporation, elected to proceed in admiralty jurisdiction under Rule 9(h), Fed. R.Civ.P. Defendant Virgilio answered the complaint and filed a counterclaim for breach of contract, breach of fiduciary duty, and breach of the covenant of fair dealing. Pursuant to his counterclaim, defendant demanded a jury trial.

Plaintiff filed a motion to strike the defendant's demand for jury trial. Subsequently, the defendant filed a motion to dismiss on the grounds that admiralty jurisdiction did not exist over the plaintiff's action.

### HOLDING

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth herein, the court hereby grants the plaintiff's motion to strike defendant's jury demand and denies the defendant's motion to dismiss.

### I.

### ADMIRALTY JURISDICTION OVER PLAINTIFF'S DECLARATORY ACTION

■ The basis of Virgilio's motion to dismiss is that because the "Windjammer" insurance policy does not affect or relate to

marine commerce, the action does not fit within traditional maritime jurisdiction. This court does not agree.

As a general rule, actions based upon a marine insurance contract have been held to "arise from a maritime contract" and therefore fall within admiralty jurisdiction. *Insurance Co. v. Dunham,* 78 U.S. 1, 20 L.Ed. 90 (1870); *Scott v. Makah,* 496 F.2d 525, 526 (9th Cir.1974) *cert. denied,* 419 U.S. 837, 95 S.Ct. 66, 42 L.Ed.2d 64 (1974); 7A *Moore's Federal Practice* § .255[1], p. 3021.

Virgilio argues the policy in question here is distinguishable from the general rule because it pertains exclusively to a pleasure boat. As such, the contract is not related to maritime commerce, which has traditionally been the focus of federal admiralty jurisdiction.

The test most often cited for determining when a contract is maritime is whether the agreement relates to "the navigation, business or commerce of the sea." *DeLovio v. Boit,* 2 Gall. 398 (D.Mass.1815). Considerable debate has focused on whether mere relation to navigation was enough or whether the navigation interest must additionally be connected to maritime business and commerce. The distinction is critical in cases dealing with pleasure boats, as Professor Moore points out:

> If the test is disjunctive, one furnishing services and supplies to the owner of a yacht or private pleasure boat will be entitled to the full range of the remedies provided by the admiralty [courts]...

7A *Moore's Federal Practice, supra* at ¶ .225, p. 2705.

The Supreme Court's recent decision in *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982), sheds considerable light on the issue. *Richardson* involved an action to recover for the death of an occupant of a pleasure boat which had collided with another pleasure boat. Neither of the vessels had any connection to commercial maritime activity. The Supreme Court held that because the action involved the negligent operation of a vessel on navigable waters, it bore a suffi-

cient nexus to traditional maritime activities to sustain admiralty jurisdiction. Expressly rejected was the argument advanced in the instant case by Virgilio, that some direct relationship to a commercial maritime activity was necessary. *Id.* at 2658.

*Richardson* reiterates a principle already followed in this circuit. *Oppen v. Aetna Ins. Co.,* 485 F.2d 252, 257 (9th Cir.1973) [pleasure boat owners may sue in admiralty for property damage, despite the absence of any traditional maritime connection].

Virgilio correctly points out that *Richardson* is a tort case and that its holding does not bind this court on the issue of whether a contract-related action may proceed in admiralty. Nevertheless, *Richardson* teaches that pleasure boats operating in navigable waters can affect maritime commerce. *Richardson, supra* at 2659. Thus, no reason exists to treat INA's "Windjammer" policy differently than any other marine insurance contract. The plaintiff's action for declaratory relief is a proper subject of admiralty jurisdiction.

## II.

### IMPACT OF PLAINTIFF'S 9(h) ELECTION

INA moves to strike Virgilio's jury demand on the grounds that the plaintiffs have designated the action as one in admiralty jurisdiction pursuant to Rule 9(h). Normally, there is no right to a jury trial in admiralty cases. *Fitzgerald v. U.S. Lines Co.,* 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963).

Under Rule 9(h), a party can elect to have his claim tried as an admiralty action if jurisdiction exists under admiralty and some other basis of federal jurisdiction. The impact of the 9(h) election is that all claims are tried by the court, rather than the jury. 9 *Wright & Miller, Federal Practice & Procedure* § 2315 p. 76 (1971); *Arkwright-Boston Mfrs. v. Bauer Dredging,* 74 F.R.D. 461 (S.D.Tex.1977).

Cases dealing with the plaintiff's election under Rule 9(h) have consistently held the defendant should not be permitted to defeat admiralty jurisdiction by demanding a jury. *Alaska Barite Co. v. Freighters, Inc.,* 54 F.R.D. 192, 195 (N.D.Cal.1972); *Camrex Ltd. v. Carmex Reliance Paint,* 90 F.R.D. 313, 317 (E.D.N.Y.1981); *Arkwright-Boston, supra* at 462. The rationale underlying those decisions is essentially that the party making a valid 9(h) election has a right to designate the action as maritime, and to allow the defendant to defeat that right by filing a counterclaim would undermine the purposes of the rule.

The defendant argues that all the claims raised in the action should be tried in one jury trial. Virgilio relies on the Supreme Court's pronouncements in *Fitzgerald, supra,* and the subsequent circuit decisions of *Blake v. Farrell Lines, Inc.,* 417 F.2d 264 (3d Cir.1969), and *Owens-Illinois, Inc. v. United States Court,* 698 F.2d 967 (9th Cir.1983). While those decisions indicate a jury trial is constitutionally permissible when civil claims are properly joined in a maritime action, none involved a plaintiff electing to proceed in admiralty under 9(h). *Owens-Illinois, supra,* notes that this distinction is critical:

> Where plaintiff alleges both admiralty and diversity as bases for federal jurisdiction, pursuant to Fed.R.Civ.P. 9(h) he has the right to elect to have his admiralty claim adjudicated under admiralty procedures, including a bench trial, by identifying his claim as lying in admiralty.

*Owens-Illinois, Inc., supra* at 972, n. 2.

■ Virgilio contends he has a constitutional right to a jury trial stemming from his state law claims. That assertion will not defeat INA's election to proceed in admiralty. By invoking 9(h), the plaintiff may preclude a right to jury trial which might otherwise exist. *Romero v. Bethlehem Steel Corp.,* 515 F.2d 1249, 1252 (5th Cir.1975); *Harrison v. Flota Mercante Grancolombiana, S.A.,* 577 F.2d 968, 986–87 (5th Cir.1978).[1]

■ The defendant requests, alternatively, that his legal counterclaim be decided in a separate jury trial. This court declines to order such a procedure because it would undercut the plaintiff's election under Rule 9(h). If the defendant's counterclaim was tried separately, the rule of *Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), would require that those legal issues be tried prior to the declaratory action. *See* 5 *Moore's Federal Practice* ¶ 38.11[8] (1982). Because the counterclaim is so closely related to the declaratory action, resolution of the defendant's legal claims would dispose of all or part of the plaintiff's action. The net result would be to resolve the case in a jury trial, despite the plaintiff's 9(h) election.

Other courts have granted separate trials to preserve a defendant's right to jury trial. *Alaska Barite Co. v. Freighters, Inc.,* 54 F.R.D. 192 (N.D.Cal.1972); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038 (8th Cir.1983). Those decisions are distinguishable because each involved nonadmiralty counterclaims which presented separate legal issues. The counterclaims in those cases were not intertwined with the main action and could be resolved without "prejudicing the other party or arriving at inconsistent results." *Koch, supra* at 1042. Quite a different situation is presented in the instant case where Virgilio's counterclaim is based primarily on the "Windjammer" insurance policy, a maritime contract.

---

1. One line in *Owens-Illinois* suggests a contrary result:

> ... As long as no conflict exists with a defendant's constitutional right to trial by jury, this election if properly made cannot be defeated by defendant's jury trial demand. *See Harrison v. Flota Mercante Grancolombiana, S.A., supra. Owens-Illinois, supra* at 972, n. 2.

This court notes that the statement is *dicta* and does not comport with the *Harrison* case cited therein. As noted, *Harrison* upheld the plaintiff's 9(h) election despite a possible conflict with the defendant's right to trial by jury.

Additionally, the Advisory Committee Notes to Rule 9(h) support this court's finding that preclusion of a jury trial on the defendant's legal claims is an intended procedural consequence of the rule. Fed.R.Civ.P. 9(h), Advisory Committee Note.