**ROYAL INSURANCE COMPANY
OF AMERICA,**

v.

**Robert E. HANSEN.**

**Civ. A. No. 87–0948–WD.**

United States District Court,
D. Massachusetts.

Sept. 2, 1988.

Bertram E. Snyder, Looney & Grossman,
Boston, Mass., for plaintiff.

Timothy R. McHugh, Stephen M. Ouellette, Hoch & McHugh, Boston, Mass., for defendant.

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO AMEND ANSWER BY ADDING COUNTER-CLAIMS AND DEMAND FOR JURY TRIAL (# 21)

ROBERT B. COLLINGS, United
States Magistrate.

This declaratory judgment action, filed by the plaintiff, Royal Insurance Company of America (hereinafter "Royal"), against the defendant, Robert E. Hansen (hereinafter "Hansen"), on April 15, 1987, seeks a declaration that the insurance policy which Royal issued to Hansen for his yacht does not cover damages sustained by the yacht on January 2, 1987. Royal identified its claim in its Complaint as an admiralty and maritime claim within the meaning of Rule 9(h), Fed.R.Civ.P. Complaint (# 01) at p. 1.

Hansen filed an Answer on June 8, 1987 denying the factual allegations in the Complaint and seeking, in his prayer for relief, the cost of the repairs of the yacht as "required by the policy of insurance" and legal fees pursuant to Chapters 93A and 176D of the Massachusetts General Laws. Answer (# 02) at pp. 4–5. The answer did not contain a jury demand; no counter-claims were pleaded.

On May 2, 1988 Hansen filed a Motion To Amend His Answer By Adding Compulsory Counter-claims And Demand For Trial By Jury (# 21). Jurisdiction over the counter-claims is asserted to be on the basis of diversity of citizenship between the parties.

The facts giving rise to Royal's claim are that on or about January 2, 1987, Hansen's Yacht, *Second Source*, was discovered partially submerged at Pickering Wharf Marina in Salem, Massachusetts. Complaint, ¶ 8. On or about January 6, 1987, Hansen filed a claim against Royal for recovery of hull damages under the insurance policy

issued to him by Royal on July 22, 1986. Complaint, ¶ 10. Royal denied Hansen's claim by letter dated January 13, 1987 and reaffirmed its denial by letter dated April 3, 1987. Royal stated that its denial was based upon its investigation and exclusion (d) of the insurance policy which provides that "[w]e will not pay for loss, damage, or expense caused by: (d) lack of reasonable care in maintenance of your boat." Complaint, ¶¶ 7, 11, 12; Defendant Robert E. Hansen's Memorandum, Etc. (# 22), Exhibits A and C.

Royal contends that the vessel sank because the eight-inch port exhaust discharge line through the hansom, which had been disconnected forward of the muffler by Hansen, was open to the sea allowing water to enter the vessel. Complaint, ¶ 9. Royal further contends that Hansen failed to exercise reasonable care and that the damages sustained by the yacht on January 2, 1987 are not a covered loss pursuant to the terms of the policy. Complaint, ¶ 15.

In his Memorandum, Etc. (# 22), Hansen contends that discovery subsequent to institution of this suit, as well as evaluation by Hansen's expert, indicates that the loss is in fact a covered one and that Royal failed to carry out an adequate factual investigation of the sinking prior to filing this action and was and is unable to set forth the basis for its denial of the claim as required by Massachusetts law. Memorandum, Etc. (# 22) at p. 3.

■ The counterclaims which Hansen seeks to add on the basis of these facts are a claim for breach of the insurance policy by failure to pay for the loss (count one) and a claim under Chapters 93A, § 2(a) and 176D, § 2 which prohibit, respectively, unlawful and deceptive acts or practices in general and unfair and deceptive acts in the practice of the business of insurance in particular (count two). *See* Defendant's Proposed Counter Claims and Demand For Trial By Jury (# 20).

After a review of the papers, I have decided to allow Hansen's motion to the extent that it seeks to add compulsory counterclaims because I see no substantial prejudice to Royal; while there has been delay and there really is no sufficient reason why the counterclaims were not pleaded earlier, the essence of the counterclaims were pleaded as affirmative defenses and, as a practical matter, the issues to be tried by the counterclaims have been present in the case from the time when Hansen first responded to the complaint. I can see no additional discovery of any significance which would need to be done if the counterclaims were added at this time. The only difference between the original affirmative defenses and the counterclaims is the allegation in the proposed counterclaim in count two that the violations of Chapters 93A and 176D were done "willfully or knowingly." The information as to what Royal did and the reason it did it is within the collective knowledge of Royal; at most, Royal might wish to serve an interrogatory requiring Hansen to set forth the facts upon which the allegation that the violations were "willful and intentional" is based. This minimal amount of additional discovery is not, in the circumstances of this case, sufficient prejudice to Royal to form the basis of a denial of the motion to add the counterclaims.

■ The remaining portion of this memorandum, therefore, deals with the issue of whether or not Hansen may demand a jury trial on either the claims contained in the complaint or the counterclaims.

Hansen contends that he may properly demand a trial by jury pursuant to Rules 38(a) and (b), Fed.R.Civ.P., for all elements of all claims in the case, whether asserted by Royal in its complaint or by him as counterclaims. Memorandum, Etc. (# 22) at p. 8.

Rule 38, Fed.R.Civ.P., provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." The Advisory Committee notes that "[t]his rule provides for the preservation of the constitutional right of trial by jury as directed in the enabling act (act of June 19, 1934, 48 Stat. 1064, U.S.C., Title 28, former § 2072, formerly § 723c), and it and [Rule 39] make definite provision for

claim and waiver of jury trial ...". However, Rule 38(e), Fed.R.Civ.P., specifically provides that "[t]hese rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

Royal designated its action as a Rule 9(h) Admiralty and Maritime Claim in paragraph 4 of its Complaint. Rule 9(h), Fed.R. Civ.P., provides that "[a] pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." In the Advisory Committee Notes to the 1966 Amendment to Rule 9, it is noted that in a "... suit in admiralty, there is no right to jury trial except as provided by statute."

Hansen contends that he has a constitutional right to a jury trial which is not vitiated by Royal's Rule 9(h) election. Hansen's Reply Brief (# 26) at p. 9.

Citing the Seventh Amendment, he states that under the Constitution, a party in a civil action is guaranteed the right to trial by jury in all actions in which a jury was available at common law. He argues that he would have a right to trial by jury arising from his common law contract claim on the policy of insurance, which he could have brought either in state court as an admiralty claim under the Savings to Suitors Clause, 28 U.S.C. § 1333(1) or in Federal Court by invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Hansen's Reply Brief (# 26) at p. 9. Hansen contends that he should not be deprived of his right to a jury trial just because Royal won a "race to the Courthouse" by filing the declaratory judgment action first. Memorandum, Etc. (# 22) at p. 7. Hansen further argues that the claimed right to a non-jury trial in Admiralty cases has been specifically rejected by the United States Supreme Court in *Fitzgerald v. United States Lines Company,* 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963). He cites a number of cases in support of his argument that the courts have generally attempted to protect the constitutional right to trial by jury of a litigant despite the maritime nature of claims on defenses. *Red Star Towing & Transport Co. v. Ming Giant,* 552 F.Supp. 367, 371 (S.D.N.Y.1982); *Blake v. Farrell Lines,* 417 F.2d 264 (3d Cir.1969); *Owens–Illinois, Inc. v. United States District Court,* 698 F.2d 967 (9th Cir.1983). Reply Brief (# 26) at p. 11–12.

As was noted in *Insurance Company of North America v. Virgilio,* 574 F.Supp. 48 (S.D.Cal.1983), these decisions do indicate a jury trial is constitutionally permissible when civil claims are properly joined in a maritime action; however, in none of these cases had the plaintiff elected to proceed in admiralty under Rule 9(h). *Id.* at 51. Given the plaintiff's 9(h) election in the instant case, these cases which Hansen cites are inapposite.

Hansen claims that Royal filed this action before it ever had or articulated a sufficient factual basis for denying his claims. Memorandum, Etc. (# 22) at p. 7. Citing Moore's *Federal Practice,* para. 57.-19, p. 207, Hansen argues that where an insurer has utilized a "procedural mechanism" to gain advantage over an insured by bringing a declaratory judgment action before the claim is matured, the court should carefully scrutinize the actions of that party. He states there is no justification for one party to unilaterally defeat a constitutional right by use of a rule created by Congress. Reply Brief (# 26) at pp. 12–13.

While Hansen admits there is authority such as the case of *Insurance Company of North America v. Virgilio, supra,* 574 F.Supp. 48, which runs contrary to his position, he points out that such authority should not be controlling because it does not address the issues arising under the 7th Amendment or the Savings to Suitors Clause. Memorandum, Etc. (# 22) at pp. 7–8.

Royal argues that Hansen has no right to defeat its right, as plaintiff, to elect to invoke the admiralty jurisdiction of the court or to negate Royal's right to a non-

jury trial. Plaintiff's Brief In Opposition, Etc. (# 25) at p. 15.

Royal relies on the *Virgilio* case which does address the Seventh Amendment and holds that "[b]y invoking 9(h) the plaintiff may preclude a right to a jury trial which might otherwise exist." *Virgilio, supra,* 574 F.Supp. at 51. Plaintiff's Brief In Opposition, (# 25) at p. 14.

Royal notes a trend among courts throughout the country to hold that plaintiff's designation of claims as admiralty and maritime claims precludes a jury trial. He notes such cases as *Arkwright—Boston Mfrs. Ins. v. Bauer Dredging,* 74 F.R.D. 461, 462 (S.D.Tex., 1977); *Insurance Co. of Pa. v. Amaral,* 44 F.R.D. 45, 46–47 (S.D.Tex., 1968); *Camrex v. Camrex Reliance Paint,* 90 F.R.D. 313, 317 (E.D.N.Y., 1981); and *Alaska Barite Company v. Freighters Incorporated,* 54 F.R.D. 192, 195 (N.D.Cal., 1972) in support of the trend. Royal's Brief In Opposition, (# 25) at p. 14–15.

These cases are in accord with the Fifth Circuit's decisions in *Romero v. Bethlehem Steel Corporation,* 515 F.2d 1249 (5 Cir., 1975) and *Harrison v. Flota Mercante Grancolombiana, S.A.,* 577 F.2d 968 (5 Cir., 1978). In the *Flota Mercante* case, the Court refused "to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant." *Id.* at 987.

Where a claim is made in accordance with Rule 9(h), the existence of diversity as an alternative basis of jurisdiction will not entitle plaintiff to a jury trial. *See Romero, supra* at 1253.

In the *Virgilio* case, the insurer brought a declaratory judgment action against the insured seeking a declaration that the insurance policy would not cover the potential liability of the insured in a state action arising out of a boating accident. The insured counterclaimed for breach of contract, breach of fiduciary duty, and breach of covenant of fair dealing. The court held that the insurer's 9(h) election precluded the insured's right to jury trial on both plaintiff's claim and the insured's counter-claims. It was noted that cases dealing with the plaintiff's election under Rule 9(h) have consistently held that the defendant should not be permitted to defeat admiralty jurisdiction by demanding a jury. *Virgilio, supra,* 574 F.Supp. at 51. The court stated that the "rationale underlying those decisions is essentially that the party making a valid 9(h) election has a right to designate the action as maritime, and to allow the defendant to defeat that right by filing a counterclaim would undermine the purposes of the rule." *Id.*

In the *Arkwright–Boston* case, the defendants raised the argument, as does Hansen in this case, that "but for losing the 'race to the courthouse' they as true plaintiffs" should now be granted the right to characterize the action on the "law" side of the court and thus obtain a jury trial. On facts similar to *Virgilio* and the present action, the court struck defendants' jury demand. *Arkwright–Boston, supra,* 74 F.R.D. at 462.

The Court in the *Camrex* case held that "[t]he right to a jury trial in actions at common law guaranteed by the Seventh Amendment and 'preserved inviolate' by Rule 38(a), Fed.R.Civ.P., provides no basis for claiming a jury trial with respect to the issues in an admiralty or maritime claim so designated (as plaintiff has done) under Rule 9(h), as indeed Rule 38(e) expressly recognizes …". *Camrex, supra,* 90 F.R.D. at 317. The Court in the *Camrex* case further held that a plaintiff's election to sue on an admiralty or maritime claim as the basis for federal jurisdiction binds the parties in the lawsuit to the inevitable procedural consequences of a court trial, even where a "legal" counterclaim has been interposed. *Id.*

In *Alaska Barite Company, supra,* where plaintiff filed suit for breach of an alleged contract of affreightment identifying the action as an admiralty claim under Rule 9(h), and where defendant filed a permissive counterclaim requesting a jury and charging plaintiff with violation of antitrust laws, the court held that plaintiff had a right to a non-jury trial. The court explained that the purpose of Rule 9(h) is to

allow the moving party who could either bring suit under admiralty or civil law to elect which form of proceeding he chooses. *Alaska Barite Company, supra,* 54 F.R.D. at 194. The rights invoked by making an election under Rule 9(h) were not meant to be negated whenever a defendant makes a counterclaim outside of admiralty. *Id.* at 195.

The court, however, did order the defendant's counterclaim to be tried separately before a jury following the non-jury trial of plaintiff's admiralty claim. This was ordered pursuant to Rules 42(b) and 13(i), Fed.R.Civ.P. Rule 13(b), Fed.R.Civ.P., provides that a pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. The court held that the antitrust counterclaim in that case fell within the terms of Rule 13(b) and, to avoid prejudice to the defendant, ordered a separate jury trial on the counterclaim. *Id.* at 196.

A defendant's demand for a jury trial on his counterclaims in an admiralty action was addressed in the case of *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038 (8th Cir., 1983). In that case, the Eighth Circuit affirmed the district court's grant of a jury trial on defendant barge owner's cross-claims. The plaintiff initiated an *in rem* action for possession of a cargo of oil and designated its action as an admiralty claim under Rule 9(h). Defendant intervened and filed a counterclaim seeking damages for breach of the charter agreement and asked the court to sever its *in personam* claims and to have them tried by jury.

The court held pursuant to Rule 42(b), Fed.R.Civ.P., "[w]here as here, both parties, using different triers of fact could prevail on their respective claims without prejudicing the other party or arriving at inconsistent results, a trial judge may separate the claims in the interest of preserving constitutional rights, clarity, or judicial economy." *Id.* at 1042.

*Alaska Barite* and *Koch* were later distinguished in *Virgilio, supra,* 574 F.Supp. 48. The Court in the *Virgilio* case denied the defendant's request that his legal counterclaim be decided in a separate jury trial, noting that the decisions in *Alaska Barite* and *Koch* are distinguishable because each involved non-admiralty counterclaims which presented separate legal issues. The counterclaims were not intertwined with the main action and could be resolved without "prejudicing the other party or arriving at inconsistent results" (citing *Koch, supra,* at 1042.

The court stated that quite a different situation is presented where the counterclaim is based primarily on the insurance policy, a maritime contract. *Virgilio, supra,* 574 F.Supp. at 51.

The counterclaims proposed in the present action are, by Hansen's own admission, brought under the insurance contract and are very much intertwined with the main action. Hansen's Memorandum, p. 5. A severance to allow the counterclaims in the instant case to be tried by a jury is simply not a viable option. As noted by the Court in the *Virgilio* case:

> Because the counterclaim is so closely related to the declaratory action, resolution of the defendant's legal claims would dispose of all or part of the plaintiff's action. The net result would be to resolve the case in a jury trial despite the plaintiff's 9(h) election.

*Id.*

Based on a reading of the current case law and the arguments set forth by Hansen and Royal, I conclude that Royal's 9(h) election should be upheld and Hansen's demand for jury trial be denied.

Accordingly, it is ORDERED that Defendant Robert E. Hansen's Motion To Amend His Answer By Adding Compulsory Counter–Claims And Demand For Trial By Jury (# 21) be, and the same hereby is, ALLOWED to the extent that the defendant may amend his answer to add compulsory counter-claims and DENIED to the extent that the defendant seeks to amend his answer to add a demand for trial by jury.