**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-1953

RUTH A. PRITT,

Plaintiff, Appellant,

v.

JOHN CRANE INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Mark A. Alonzo, with whom Christopher P. Duffy, Duffy Law LLC, and Vinson Law, P.A., were on brief, for appellant.

Robert M. Palumbos, with whom Leah A. Mintz, Duane Morris LLP, Brian J. Schneider, Schneider Law Group PLLC, Jonathan F. Tabasky, Ryan M. Murphy, Manning Gross + Massenburg LLP, Viiu Spangler Khare, Berks Crane Santana & Spangler, LLP, and Christopher O. Massenburg were on brief, for appellee.

May 10, 2024

**PER CURIAM**.  This appeal is from an order dated October 12, 2023, of the Massachusetts U.S. District Court.  The dispositive issue presented by this appeal is whether this court has interlocutory jurisdiction under 28 U.S.C. § 1292(a)(3).  We hold we do not.

The statute on which Pritt relies authorizing interlocutory appeals is limited and provides, in relevant part, that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a)(3).  Where, as here, the plaintiff's claims are cognizable either in admiralty or in a nonmaritime ground of federal jurisdiction, Federal Rule of Civil Procedure 9(h) "sets forth the procedure by which a plaintiff indicates [their] choice to proceed in admiralty" and thereby have admiralty procedures, including § 1292(a)(3), govern the claims.[1]  Concordia

---

[1]     Fed. R. Civ. P. 9(h) states:
(1) How Designated.  If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim

Co. v. Panek, 115 F.3d 67, 70 (1st Cir. 1997). Although a plaintiff need not expressly invoke Rule 9(h) to designate their action as an admiralty case, a plaintiff must at the very least make a "requisite 9(h) 'identifying statement.'" Id. at 72 (quoting Ins. Co. of N. Am. v. Virgilio, 574 F. Supp. 48, 51 (S.D. Cal. 1983)) (holding that the plaintiff made a 9(h) election for admiralty procedures where the complaint included the words "In Admiralty" in the caption and it also did not assert a demand for a jury trial). In the absence of such a statement, "the parties are not entitled to invoke any of the special procedures or remedies of admiralty, including the right of interlocutory appeal under section 1292(a)(3)." Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 517 (7th Cir. 1999). In this case, removed to federal court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), Pritt filed an amended complaint in federal court which, like the prior state court complaint, sought a jury trial on all claims and did not include any reference to Rule 9(h).

The record shows that Pritt has not invoked admiralty jurisdiction as required by the statute. The second amended

for those purposes, whether or not so designated.
(2) Designation for Appeal. A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3).

- 3 -

complaint continues to assert a right to a jury trial on all claims and contains no reference to Rule 9(h). At most, the second amended complaint includes a glancing reference that the case "implicates the general maritime jurisdiction of the United States":

> This case was removed by Defendant, John Crane Inc., pursuant to the Federal Officer Removal statute, 28 U.S.C. § 144[2](a)(1). Additionally, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy . . . . This case also implicates the general maritime jurisdiction of the United States under 28 U.S.C. § 1333(1) and 46 U.S.C. § 30101 and, therefore the general maritime law of the United States applies in this case.

This language is insufficient. The complaint can certainly read as alleging that this is a case in which the plaintiff had the option of proceeding according to normal civil procedures, or proceeding in admiralty, but there is nothing at all suggesting that Pritt exercised that option to designate admiralty procedures. Indeed, the original filing of the case in state court actually points in the other direction, and a demand for a jury trial certainly does not show otherwise.[2] See Concordia Co., 115 F.3d at 72 (holding that, because "a demand for a trial by jury 'is inconsistent with an intent to proceed in admiralty,'"

---

[2] Pritt has not chosen to drop her jury trial demand even though the case has been calendared for trial in the district court.

"[o]ne important factor in determining whether a claimant has elected to proceed in admiralty is whether he demanded a jury trial" (quoting Lewis v. United States, 812 F. Supp. 620, 627 (E.D. Va. 1993))).  Under our precedent, Pritt has not shown that we have interlocutory jurisdiction.[3]  See Poincon v. Offshore Marine Contractors, Inc., 9 F.4th 289, 294-95 (5th Cir. 2021) (holding that, where the original complaint stated that the jurisdiction of the court "is based on the Jones Act . . . and [is] under the general maritime law," "it is clear that [the plaintiff] did not elect admiralty jurisdiction" because "[n]owhere in [the] complaint is there an indication that [the plaintiff] wishes to

---

[3]     Pritt contends that in Doyle v. Huntress, Inc., this court asserted appellate jurisdiction under § 1292(a)(3) where the operative complaint also did not include a Rule 9(h) statement.  See 419 F.3d 3, 7 (1st Cir. 2005).  But in Doyle, the district court assumed subject-matter jurisdiction notwithstanding the plaintiffs' defective invocation of federal-question jurisdiction because the plaintiffs "ha[d] also alleged that th[e] [c]ourt ha[d] subject matter jurisdiction by virtue of th[e] case arising in admiralty."  Doyle v. Huntress, Inc., 301 F. Supp. 2d 135, 140 n.3 (D.R.I. 2004).  As such, the plaintiffs' mistaken citation to 42 U.S.C. § 1331 rather than 28 U.S.C. § 1331 was a "harmless" error.  Id.  This court therefore found interlocutory review proper under § 1292(a)(3) because the district court went forward with the case solely on admiralty jurisdiction grounds.  See Doyle, 419 F.3d at 7 (observing that "[t]he district court specifically noted that plaintiffs alleged subject matter jurisdiction by virtue of this case arising in admiralty" and citing to footnote three of the district court's opinion).  In this case, by contrast, the complaint expressly and effectively invoked diversity jurisdiction, only thereafter stated that maritime jurisdiction was "implicated," and then expressed no intent to elect the procedures applicable to the latter.

- 5 -

proceed in admiralty," and "[h]er jury demand likewise signals a desire to proceed on the civil side of the district court").

The appeal is **dismissed** for lack of jurisdiction.