WILMINGTON TRUST and International Organization of Masters, Mates & Pilots, Petitioners,

v.

The UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII, Respondent,

and

Connecticut Bank and Trust Company, National Association Wartsila Marine Industries, Inc. and Oy Wartsila AB, Real Parties in Interest;

VSE Corporation; Theodavies Marine Agencies, Inc.; Pacifico Creative Service, Inc.; the Maritime Institute of Technology and Graduate Studies; International Organization of Masters, Mates & Pilots and John F. Sokolowski; Hawaii Stevedores, Inc.; H.T. & T. Co., Inc.; McCabe Hamilton & Renny Co., Inc.; Matson Services, Inc.; American Ship Management, Inc.; Jas W. Glover, Ltd.; Cosmetics Consultants of Hawaii; Andres Suguitan; Manuela Suguitan; Leon Marvin Yarborough; Timothy C. Aspinall; Martin S. Doten; Velma M. Sullivan; Bethlehem Steel Corporation; and the Lihue Plantation Company, Limited dba Kauai Sugar Storage Company, Other Parties.

No. 90–70433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 18, 1991.

Decided April 12, 1991.

Amended May 7, 1991.

John F. Keating, Hill, Betts & Nash, New York City, for petitioners.

Michael Evan Jaffe, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for real parties in interest.

Before TANG and NOONAN, Circuit Judges, and SHUBB,* District Judge.

SHUBB, District Judge:

## I

## PROCEDURAL AND FACTUAL BACKGROUND

Petitioners Wilmington Trust, as trustee for the International Organization of Masters, Mates and Pilots ("Union"), and the Union request this court to issue a writ of mandamus directing United States District Judge Samuel P. King to try the Union's claims before a jury. The court has jurisdiction to consider and issue the writ pursuant to 28 U.S.C. § 1651(a).[1]

The underlying action was initiated by Respondent Connecticut Bank & Trust Company ("Connecticut Bank"), solely as indenture trustee for Wartsila Marine Industries, Inc. ("Wartsila") a Finnish corporation. The complaint consists of an *in rem* claim to foreclose a First Preferred Ship Mortgage against the SS Monterey ("vessel"), and a related *in personam* claim against the owner of the vessel, the SS Monterey Limited Partnership ("Partnership").[2] The complaint also includes the assertion that "Plaintiff's claim is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Ship Mortgage Act of 1920, 46 U.S.C. § 911 *et seq.*"[3]

The Union, though not a named defendant, answered the complaint and filed an *in rem* claim against the vessel to foreclose a Second Preferred Ship Mortgage and several other claims designated as "counterclaims" ("Counterclaims") against Wartsila. The Union demanded a jury trial. Those Counterclaims include both legal and equitable claims. Independent jurisdic-

---

* Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation.

1. Section 1651(a) provides:
   The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

2. The parties concede that the claim against the Partnership is no longer part of the underlying action.

3. The Ship Mortgage Act of 1920 was repealed effective January 1, 1989. Act of Nov. 23, 1988, Pub.L. 100–710, Title I, § 106(b)(2), 102 Stat. 4752.

tional grounds are alleged for each claim and their joinder is not contested.

Wartsila's foreclosure action, and the Union's Counterclaims and foreclosure action, are factually interrelated and arise out of the following transactions. The Union exchanged its ownership interest in the vessel to the Partnership for a second preferred ship mortgage, an interest in the Partnership, and an agreement that the vessel would be staffed exclusively with Union members. One of the purposes of the exchange was to generate capital to refurbish the vessel. The Partnership contracted with Wartsila to refurbish the vessel and Wartsila extended credit to the Partnership in exchange for a first preferred ship mortgage.

The district court ordered the interlocutory sale of the vessel. Wartsila's indenture trustee, Connecticut Bank, is the named purchaser of the ship on behalf of Wartsila. According to undocumented assertions of counsel, Wartsila is involved in bankruptcy proceedings in Finland, and the Finnish Guaranty Board ("FGB"), a "foreign state" within the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611, extended a letter of credit to Connecticut Bank on behalf of Wartsila enabling the bank to purchase the vessel at the interlocutory sale.

On July 30, 1990, the district court entered an order striking the Union's timely jury demand for the "reasons set forth in the memoranda of the Plaintiff Connecticut Bank." Connecticut Bank had urged the district court to strike the Union's jury demand on two grounds: first, Wartsila's 9(h) election to proceed within the court's admiralty jurisdiction extinguished any right to a jury trial that the Union may have had; second, Wartsila has a right to a non-jury trial pursuant to the Foreign Sovereign Immunities Act. For the reasons discussed below, we order the writ to issue.

## II

### STANDARD OF REVIEW

■ Mandamus is an extraordinary remedy "which is awarded, not as a matter of right, but in the exercise of sound judicial discretion." *Duncan Townsite Co. v. Lane*, 245 U.S. 308, 311–12, 38 S.Ct. 99, 100–01, 62 L.Ed. 309 (1917). Generally, a writ should issue only if the petitioner meets "the burden of showing that its right to issuance of the writ is 'clear and indisputable.'" *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953). The right to a jury trial, however, has occupied an exceptional place in the history of the law of federal mandamus permitting a writ to issue although the petitioner is unable to show a "clear and indisputable" right. *See In re Simons*, 247 U.S. 231, 239–240, 38 S.Ct. 497, 497–98, 62 L.Ed. 1094 (1918). *See also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959) ("Whatever differences of opinion there may be in other types of cases, we think the right to grant mandamus to require jury trial where it has been improperly denied is settled.").

■ This Court recognizes that a party may seek relief in the form of mandamus to protect the party's right to a jury trial. *See Mondor v. United States Dist. Court*, 910 F.2d 585, 586–87 (9th Cir.1990); *Owens–Illinois, Inc. v. United States Dist. Court*, 698 F.2d 967, 969 (9th Cir.1983). The only question before us is "whether the district court erred in denying petitioner's request for a jury trial." *Mondor*, 910 F.2d at 586.

## III

### WARTSILA'S RULE 9(h) DESIGNATION DID NOT EXTINGUISH THE UNION'S RIGHT TO JURY TRIAL

■ The basis for admiralty jurisdiction is set forth in 28 U.S.C. § 1333, which states:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all

cases all other remedies to which they are otherwise entitled.

The "saving-to-suitors" clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist. *See e.g., Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines,* 369 U.S. 355, 359–60, 82 S.Ct. 780, 783–84, 7 L.Ed.2d 798 (1962).

Prior to the 1966 merger of law and admiralty, a plaintiff exercised this option by filing a claim on the admiralty side or the civil side of the federal court. *Id.* With the merger of law and admiralty, the Federal Rules of Civil Procedure advisory committee recognized the need for a mechanism to inform the court of a claimant's election to proceed in admiralty on claims cognizable both in admiralty and the court's general civil jurisdiction. Consequently, the committee noted:

> Many claims, however, are cognizable by the district courts whether asserted in admiralty or in a civil action, assuming the existence of a nonmaritime ground of jurisdiction. Thus at present the pleader has power to determine procedural consequences by the way in which he exercises the classic privilege given by the saving-to-suitors clause (28 U.S.C. § 1333) or by equivalent statutory provisions.
>
> \* \* \* \* \* \*
>
> One of the important procedural consequences is that in the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial except as provided by statute.
>
> \* \* \* \* \* \*
>
> It is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute.... The unified rules must therefore provide some device for preserving the present power of the pleader to determine whether these historically maritime procedures shall be applicable to his claim or not; the pleader must be afforded some means of designating his claim as the counterpart of the present suit in admi-

ralty, where its character as such is not clear.

Fed.R.Civ.P. 9(h) advisory committee's notes to 1966 amendment.

Rule 9(h) provides the modern-day mechanism for invoking admiralty jurisdiction of claims that could also be brought within the court's general civil jurisdiction. Rule 9(h) provides in part:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claims as an admiralty or maritime claim for the purposes of Rule 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not.

A pleader may thus designate a claim as an "admiralty or maritime claim within the meaning of Rule 9(h)" to inform the court that the pleader has elected to proceed within the court's admiralty jurisdiction.

█ Although the Supreme Court has held that the Constitution does not require trial by jury in admiralty cases, it neither forbids trial by jury nor creates a right to a non-jury trial. *See Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963); *Beacon Theatres,* 359 U.S. at 510, 79 S.Ct. at 956 ("no ... [constitutional] requirement protects trials by the court"). This general rule survived the merger; Rule 9(h) neither creates a right to a non-jury trial, nor compromises a party's right to a jury trial. *See* Fed.R.Civ.P. 9(h) advisory committee's notes to 1966 amendment. "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed.R. Civ.P. 38(a).

█ Wartsila argues that its Rule 9(h) designation attaches to all the claims in the

case [4] and urges the court to adopt the reasoning of *Insurance Co. of North America v. Virgilio,* 574 F.Supp. 48, 50–51 (S.D.Cal.1983) (holding that plaintiff's Rule 9(h) designation in an action for declaratory relief deprived defendant of a jury trial of defendant's legal counterclaims); *see also Harrison v. Flota Mercante Grancolombiana S.A.,* 577 F.2d 968, 987 (5th Cir.1978) (holding that plaintiff's Rule 9(h) election prohibited jury trial of legal claims in third party complaint because "we refuse to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant"); *Royal Ins. Co. v. Hansen,* 125 F.R.D. 5, 8–9 (D.Mass.1988) (defendant not entitled to jury trial of counterclaims in face of plaintiff's 9(h) designation); *Arkwright–Boston Mfrs. Mut. Ins. Co. v. Bauer Dredging Co.,* 74 F.R.D. 461, 462 (S.D.Tex. 1977) (same).

In *Virgilio,* plaintiff insurance company filed an action against its insured requesting a declaration that the insurance contract would not cover any claim the insured might bring as a result of a boating accident. *Virgilio,* 574 F.Supp. at 49. Plaintiff designated its claim as a claim in admiralty pursuant to Fed.R.Civ.P. 9(h). *Id.* The defendant counterclaimed for breach of contract, breach of fiduciary duty, breach of the covenant of fair dealing and demanded a jury trial. *Id.* The court struck defendant's jury demand and distinguished *Fitzgerald,* 374 U.S. 16, 83 S.Ct. at 1646, *Blake v. Farrell Lines,* 417 F.2d 264 (3rd Cir.1969), and *Owens–Illinois,* 698 F.2d 967, because these cases did not involve "a plaintiff electing to proceed in admiralty under 9(h)." *Virgilio,* 574 F.Supp. at 51. The court also denied defendant's request to try his claims to a jury separately from plaintiff's claims. The court reasoned that to do so "would undercut the plaintiff's election under Rule 9(h)." *Id.* We reject the reasoning of *Virgilio.* [5]

Prior to the merger of law and admiralty, the Supreme Court recognized the right to a jury trial in admiralty notwithstanding the customary non-jury component of admiralty practice. *Fitzgerald,* 374 U.S. at 21, 83 S.Ct. at 1650. In *Fitzgerald,* plaintiff filed a complaint on the admiralty side of the court containing two claims; one claim was cognizable solely in admiralty, the other claim was triable to a jury under the Jones Act, 46 U.S.C.App. § 688. *Fitzgerald,* 374 U.S. at 17, 83 S.Ct. at 1648. The Supreme Court held that the plaintiff had a right to have all claims tried to a jury on the admiralty side of the court. *Id.* at 21, 83 S.Ct. at 1650; *see also Peace v. Fidalgo Island Packing Co.,* 419 F.2d 371, 371–72 (9th Cir.1969) (right to jury trial as to Jones Act claim and to exclusive admiralty claim based on common facts); *Blake,* 417 F.2d at 266–67 (district court may require jury trial in case where legal claim is joined with exclusively maritime claim); and *Zrncevich v. Blue Haw. Enter.,* 738 F.Supp. 350, 354 (D.Haw.1990) (Jones Act claim and non-jury admiralty claim tried to a jury in admiralty).

Since the election of the plaintiff in *Fitzgerald* to file a claim in admiralty did not deprive even the plaintiff of the right to a jury trial prior to 1966, then a plaintiff's

---

**4.** Because Wartsila's foreclosure action is a claim that can be brought only within the court's admiralty jurisdiction, a 9(h) designation was not necessary to apprise the district court that Wartsila had elected to proceed in admiralty. *See Emerson G.M. Diesel Inc. v. Alaskan Enter.,* 732 F.2d 1468, 1470 n. 1 (9th Cir.1984) (ship lien foreclosure action cognizable exclusively in admiralty); Fed.R.Civ.P. 9(h).

**5.** The result in *Virgilio* has been criticized for encouraging a race to the courthouse:

If the admiralty plaintiff wins, both claims will be tried to the bench. If the counterclaim claimant wins, his claim will be tried to a jury.... [T]his result flies in the face of the Supreme Court's decision in *Beacon Theatres, Inc. v. Westover.* In that case, the Court held: "[I]f [the defendant] would have been entitled to a jury trial ... against [the plaintiff] it cannot be deprived of that right merely because [the plaintiff] took advantage of the availability of declaratory relief to sue [the defendant] first." [*Beacon Theatres,* 359 U.S. at 504, 79 S.Ct. at 953.]

Note, *The Jury on the Quarterdeck: The Effect of Pleading Admiralty Jurisdiction when a Proceeding Turns Hybrid,* 63 Tex.L.Rev. 533, 562–63 (1984) (citing G. Gilmore & C. Black, *The Law of Admiralty* § 13, at 37 (2d ed. 1975)).

post-merger election to proceed in admiralty via a Rule 9(h) designation does not affect another party's right to a jury.[6] *Cf. Emerson G.M. Diesel Inc. v. Alaskan Enter.*, 732 F.2d 1468, 1471 (9th Cir.1984) (defendant in admiralty may designate third party claims in admiralty). Therefore, a defendant may also proceed within the court's general civil jurisdiction under the saving-to-suitors clause.

Regardless of whether a claim is cognizable in admiralty, the right to a jury trial on such claim is preserved despite plaintiff's election to proceed in admiralty. This court has acknowledged that the non-jury component of admiralty jurisdiction must give way to the seventh amendment. In *Owens–Illinois*, the court stated that:

Where plaintiff alleges both admiralty and diversity as bases for federal jurisdiction, pursuant to Fed.R.Civ.P. 9(h) he has the right to elect to have his admiralty claim adjudicated under admiralty procedures, including a bench trial, by identifying his claim as lying in admiralty. *As long as no conflict exists with a defendant's constitutional right to trial by jury, this election if properly made cannot be defeated by defendant's jury trial demand.*[7]

*Owens–Illinois*, 698 F.2d at 972 n. 2 (emphasis added) (citing *Harrison*, 577 F.2d at 986–87). The United States Supreme Court has held that the right to a jury trial as provided by the seventh amendment overcomes another party's preference for a bench trial when those interests conflict. *See Beacon Theatres*, 359 U.S. at 510–511, 79 S.Ct. at 956–57.

In *Beacon Theatres*, plaintiff brought suit for declaratory relief under the Sherman Antitrust Act ("Act") and defendant filed a counterclaim seeking treble damages under the Act. *Id.* at 502–03, 79 S.Ct.

at 952. Defendant demanded a jury trial pursuant to Fed.R.Civ.P. 38(b). The district court directed that the equitable issues be tried before the legal issues thereby " 'limit[ing]' the petitioner's opportunity fully to try to a jury every issue which has a bearing upon its treble damage suit.' " *Id.* at 504, 79 S.Ct. at 953 (quoting *Beacon Theatres, Inc. v. Westover*, 252 F.2d 864, 874 (9th Cir.), *cert. granted*, 356 U.S. 956, 78 S.Ct. 996, 2 L.Ed.2d 1064 (1958), *rev'd*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)).

[T]he holding of the court below while granting ... [plaintiff] no additional protection unless the avoidance of jury trial be considered as such, would compel ... [defendant] to split his antitrust case, trying part to a judge and part to a jury. Such a result, which involves the postponement and subordination of ... [plaintiff's] own legal claim for declaratory relief as well as of the counterclaim which ... [defendant] was compelled by the Federal Rules to bring, is not permissible.

*Beacon Theatres*, 359 U.S. at 508, 79 S.Ct. at 955 (footnote omitted).

The Court further observed that the liberal joinder rules permit "legal and equitable causes to be brought and resolved in one civil action" and preserve any statutory or constitutional right to a jury trial. *Id.* at 509, 79 S.Ct. at 956. The Court concluded that the "right to a jury trial of legal issues [cannot] be lost through prior determination of equitable claims." *Id.* at 511, 79 S.Ct. at 957; *see also Dairy Queen*, 369 U.S. at 472–73, 82 S.Ct. at 897 (both legal and equitable issues must be tried to the jury even if legal issues "incidental" to the equitable issues). The same concerns expressed by the Court in *Beacon Theatres* exist when parties join admiralty `claims

---

**6.** The court in *Virgilio* mistakenly refused to consider *Fitzgerald* for the reason that it did not involve a 9(h) election. A 9(h) designation does nothing more than inform the court of the claimant's election to proceed in admiralty. A 9(h) designation today is equivalent to the earlier practice of filing a claim on the admiralty side of the court prior to the merger. The merger of law and admiralty does not diminish the authority of *Fitzgerald.*

**7.** Any suggestion in *Owens–Illinois* that a plaintiff has the right to a nonjury trial except when defendant has a constitutional right to a jury trial is dictum. That court did not consider the conflict between a plaintiff's Rule 9(h) designation and a defendant's right to proceed under the saving-to-suitors clause on defendant's counterclaims.

with claims to which a right to a jury trial attaches. The same conclusion is therefore warranted; Rule 38(a) of the Federal Rules of Civil Procedure provides that the right to a jury, whether statutory or constitutional, "shall be preserved inviolate."

If the Union's claims are cognizable in admiralty, then the Union's right to a jury trial is preserved by the saving-to-suitors clause, 28 U.S.C. § 1333(1), and Fed.R. Civ.P. 38(a). We find that the Union has properly exercised its option under the saving-to-suitors clause: the Union's counterclaims include claims which carry the right to a jury trial and the Union has alleged independent bases of federal jurisdiction. If the Union's claims are not cognizable in admiralty, then the Union's right to demand a jury trial as provided by the constitution and Fed.R.Civ.P. 38(a) is preserved inviolate and the Union need not have alleged independent bases of jurisdiction.[8]

■ Therefore, we hold that Wartsila's election to proceed in admiralty does not deprive the Union of a jury trial on the Union's properly joined claims. We note that our holding may result in the entire case being tried before a jury. This result is likely to occur if all the claims are closely related factually. *See, e.g., Fitzgerald,* 374 U.S. at 21, 83 S.Ct. at 1650 (all claims must be submitted to jury when they "arise out of one set of facts"). If the claims are not related factually, then the district court may order separate trials in order to preserve the non-jury aspect of admiralty jurisdiction. *See, e.g., Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038, 1042 (8th Cir.1983) (district court ordered a jury trial on defendant's counterclaim and tried admiralty claims separately;

8. The court therefore finds it unnecessary to determine whether the Union Counterclaims are cognizable in admiralty. *See, e.g., Executive Jet Aviation Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

9. There is no proof before the court that the FGB is an agency or instrumentality of Finland or that Connecticut Bank purchased the vessel in reliance on a $14 million letter of credit. The FSIA places the burden of proof on the entity attempting to place itself within the act: [W]here ... the plaintiff alleges in his complaint that his claim is based on a foreign

affirmed by court of appeals in absence of prejudice to defendant's right to jury trial).

## IV

## WARTSILA DOES NOT HAVE A RIGHT TO NONJURY TRIAL UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT

■ The purpose and effect of the Foreign Sovereign Immunities Act ("FSIA") (codified at 28 U.S.C. §§ 1602–1611) is to identify how and when a plaintiff in a civil action may assert claims against a foreign state. H.R. No. 1487, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S.Code Cong. & Admin.News 6604, 6604. No right to a jury trial attaches to claims brought against a foreign state. *See e.g., Rex v. Cia. Pervana de Vapores, S.A.,* 660 F.2d 61, 63 (3rd Cir.1981), *cert. denied,* 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 441 (1982). The term "Foreign State," as defined under the FSIA, "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a).

■ Wartsila argues that the Union's claims are claims against a foreign state to the extent of the $14 million letter of credit posted by the FGB. Wartsila does not contend that it is immune under the FSIA, only that the Union has no right to a jury trial pursuant to it.[9] However, respondents are without standing to invoke the FSIA.

■ Congress intended the FSIA to supplant the earlier practice whereby a foreign sovereign would appeal to the State

state's strictly commercial acts, the defendant must establish a prima facie case that it is a sovereign state and that the plaintiff's claim arises out of a public act.
*Meadows v. Dominican Republic,* 817 F.2d 517, 522 (9th Cir.), *cert. denied,* 484 U.S. 976, 108 S.Ct. 486, 98 L.Ed.2d 485 (1987). While Wartsila does not claim immunity, and although the Union has not alleged that its claims are "based on a foreign state's strictly commercial acts," the burden is upon the foreign state to establish its status as a foreign sovereign and thus its right to the benefits of the FSIA.

Department "to make a formal suggestion of immunity to the court." H.R. No. 1487, 94th Cong., 2d Sess. 7, *reprinted in* 1976 U.S.Code Cong. & Admin.News 6604, 6606. Congress transferred this decision to the courts. *Id.* We hold that, based on the language of the statute and its legislative history, Congress intended requests for protection under the FSIA to originate from the foreign state party.

Neither Finland nor the FGB is a party in the action. Neither entity has sought to intervene, and neither entity has requested that the FSIA be applied. Neither Wartsila nor the Connecticut bank is a foreign state and counsel for respondents have not suggested that they represent the FGB. Therefore, respondents do not have standing to invoke the FSIA. The court observes that if the FGB were to intervene at this stage of the litigation, it is unlikely such intervention would be timely under Fed.R.Civ.P. 24.

The writ shall issue.