**SPHERE DRAKE INSURANCE PLC, et al., Plaintiffs,**

v.

**J. SHREE CORPORATION, Defendant.**

**No. 98 Civ. 5753(RMB).**

United States District Court,
S.D. New York.

Feb. 19, 1999.

John R. Foster, Waesche, Sheinbaum & O'Regan, P.C., New York City, for Plaintiffs.

Stanley McDermott, III, Piper & Marbury L.L.P., New York City, for Defendant.

### DECISION AND ORDER

BERMAN, District Judge.

### I. *Introduction*

There is a split of authority as to whether a defendant in an admiralty suit is entitled to a trial by jury with respect to defendant's compulsory counterclaims. Many courts have determined that a plaintiff's non-jury admiralty claim in effect "trumps" a defendant's jury demand. The United States Circuit Court of Appeals for the Ninth Circuit, on the other hand, relying in large measure upon a decision of the United States Supreme Court, has ruled that an admiralty defendant does not lose the right to a jury trial where the defendant's claims are based upon alternative (*e.g.* diversity) jurisdictional grounds. **For the reasons set forth below, and based solely upon the facts of this case, the Court here denies plaintiffs' motion to strike defendant's jury demand.**

### II. *Facts*

The plaintiffs ("Underwriters") are foreign (*i.e.* non-United States) insurance companies which write marine insurance in London,

England. The defendant, J. Shree Corporation ("Shree"), is a diamond merchant in New York City (Manhattan). In October 1996, Shree, through Wexler Insurance Agency, Inc., approached the London market seeking insurance to cover ocean shipments of "rough gemstones" from Hong Kong to Sri Lanka. Underwriters agreed to write such insurance. The coverage was for a twelve month period with a (maximum) limit of $5 million per shipment.

Shree alleges that shortly after obtaining insurance coverage it shipped gemstones from Hong Kong to Sri Lanka aboard the vessel M/V Med Taipei and that the transported gemstones (*i.e.*, rubies, sapphires and emeralds) somehow disappeared in transit. As a result, Shree submitted an insurance claim to Underwriters for $4,996,211.20 on or about August 1997. Underwriters denied Shree's claim and declared the insurance policy void for alleged misrepresentations and nondisclosures by Shree in obtaining coverage. On August 12, 1998, Underwriters commenced the instant declaratory judgment action requesting, among other things, that this Court declare the respective rights and liabilities of the parties with respect to the subject contract of marine insurance; and declare that Underwriters' policy insuring Shree was void from its' inception, or alternatively, that Shree had failed to establish a claim under Underwriters' policy.

Underwriters' complaint herein identifies their claim as a (non-jury) admiralty claim, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").[1] Shree, in its answer, has set forth certain compulsory counterclaims (*i.e.* breach of contract and breach of implied covenant of good faith and fair dealing) which are premised upon this Court's diversity jurisdiction.[2] Shree has made a demand for a trial by jury. Underwriters have filed the instant motion to strike

---

1. *See infra* p. 260.

2. Rule 13(a) of the Fed.R.Civ.P. provides: "Compulsory Counterclaims: A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for

its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Shree's counterclaims are compulsory under Fed.R.Civ.P. 13(a). *See also Aetna Life Ins. Co. v. Little Rock Basket Co.,* 14 F.R.D. 381 (E.D.Ark. 1953) (for the proposition that an insured's counterclaim under an insurance policy is compulsory in a declaratory judgment suit brought by the insurer).

Shree's jury demand. Oral argument was held on February 19, 1999.[3]

### III. *Discussion*

Underwriters motion to strike raises the question whether a defendant in an admiralty case is entitled to a jury trial of the defendant's compulsory counterclaims—which counterclaims are premised upon non-admiralty (here, diversity of citizenship) jurisdictional grounds. As noted, there is a split of opinion on this issue. *Compare, e.g., Wilmington Trust v. United States District Court for the District of Hawaii*, 934 F.2d 1026 (9th Cir.1991), *cert. denied*, 503 U.S. 966, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992) (which held that a defendant in admiralty has a right, under the Seventh Amendment to the United States Constitution and the "saving to suitors" clause found in 28 U.S.C. § 1333, to have a trial by jury on compulsory counterclaims which, in turn, are based upon alternative, *i.e.*, jury appropriate, jurisdictional grounds), *with St. Paul Fire and Marine Insurance Co. v. Holiday Fair, Inc.*, 1996 WL 148350 (S.D.N.Y. Apr. 2, 1996) (which denied an admiralty defendant's jury demand on the grounds that Fed.R.Civ.P. 9(h) and historical admiralty practice give the plaintiff the right to determine the character of the action), and *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir.1978) (which held that, by electing first to proceed in admiralty under Rule 9(h), a plaintiff may preclude a defendant from invoking the right to trial by jury).

Admiralty jurisdiction is based upon 28 U.S.C. § 1333, which states that:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

"The 'saving to suitors' clause establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist."

*Wilmington Trust v. United States District Court for the District of Hawaii*, 934 F.2d at 1029. *See also Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359–60, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) (*citing* Gilmore and Black, *The Law of Admiralty* 36 (1957)). It has been held that "one of the remedies saved to suitors is the right to a trial by jury." *In the Matter of the Complaint of McAllister Towing of Virginia, Inc.*, 999 F.Supp. 797, 799 (E.D.Va.1998). *Cf. Atlantic and Gulf Stevedores, Inc.*, 369 U.S. at 360, 82 S.Ct. 780 (also characterizing "trial by jury" as a "remedy"). With respect to Shree's counterclaims herein, it should also be noted that the United States Supreme Court has held: "a suit for breach of a maritime contract, while it may be brought in admiralty, may also be pursued in an ordinary civil action ..." *Atlantic and Gulf Stevedores, Inc.*, 369 U.S. at 359, 82 S.Ct. 780.

Since the merger in 1966 of admiralty and general civil jurisdiction, a litigant's denomination of its claim has been governed by Rule 9(h) of the Fed.R.Civ.P. Rule 9(h) provides, in part:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime claims.

Rule 38(e) of the Fed.R.Civ.P. provides that:

> These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

Here, Underwriters assert that these rules and a line of cases construing them support their position that defendant's jury demand should be stricken. *See, e.g., St. Paul Fire and Marine Insurance Co. v. Holiday Fair, Inc.*, 1996 WL 148350 (S.D.N.Y. Apr. 2, 1996).

---

**3.** Underwriters acknowledged at oral argument that Shree would have been entitled to a jury

trial if Shree had filed its claims before Underwriters instituted the instant action.

Shree, on the other hand, points out that the United States Supreme Court has stated "[w]hile this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." *Fitzgerald v. United States Lines Company*, 374 U.S. 16, 20, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). *See also Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil,* 704 F.2d 1038, 1041 (8th Cir.1983). The Supreme Court has also observed that "the right to jury trial is a constitutional one ... while no similar requirement protects trials by the court ...." *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

Rule 38(a) of the Fed.R.Civ.P. codifies our legal system's axiom that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by statute of the United States shall be preserved to the parties inviolate." A suit in Federal court based upon diversity of citizenship [4] "carrie[s] with it, of course, the right to trial by jury." *Atlantic and Gulf Stevedores, Inc.,* 369 U.S. at 360, 82 S.Ct. 780.[5]

The Supreme Court's ruling in *Beacon Theatres* in support of jury determination is both persuasive and compelling here. In that case, the Court upheld the defendant's right to trial by jury of a "legal" cause of action, even though the plaintiff who was seeking declaratory relief had filed a (non-jury) case "in equity", *i.e.* before the defendant had an opportunity to initiate a jury proceeding "at law". The Supreme Court held that the "right to a jury trial of legal issues [cannot] be lost through prior determination of equitable claims." *Id.* at 511, 79 S.Ct. 948. Relying upon *Beacon Theatres,* the United States Court of Appeals for the Ninth Circuit, in a case raising issues similar to those at bar, observed "[t]he same concerns expressed by the Court in Beacon Theatres exist when parties join admiralty claims with claims to which a right to a jury trial attaches. The same conclusion is therefore warranted; Rule 38(a) of the Federal Rules of Civil Procedure provides that the right to a jury, whether statutory or constitutional, 'shall be preserved inviolate.' " *Wilmington Trust,* 934 F.2d at 1031–32. (The Court in *Wilmington Trust* also recognized that a contrary ruling might encourage a "race to the courthouse" between litigants, which, in this Court's view, is an unappealing method of exercising a constitutional right. *Id.* at 1030 n. 5.)

## IV. *Conclusion*

The Court recognizes, acknowledges and respects the arguments on both sides of the issue presented here. It is the Court's determination, however, that the rationale of *Wilmington Trust* is persuasive since, with regard to counterclaims, it both preserves a litigant's "inviolate" right to a trial by jury and comports with Supreme Court precedent as enunciated in *Beacon Theatres.* There is, perhaps, no concept that is more fundamental to the American judicial system than the right to trial by jury.

## V. *Order*

For the foregoing reasons, Underwriters' motion to strike Shree's jury demand is denied.[6]

4. "Federal diversity jurisdiction has existed ever since the Judiciary Act of 1789." Richard H. Fallon et al., *Hart and Wechsler's The Federal Courts and the Federal System,* 1521 (4th ed.1996).

5. *Atlantic and Gulf Stevedores, Inc.* "makes clear that a claim cognizable in admiralty but brought in diversity is to be tried to a jury." Billy Coe Dyer, Note, *The Jury on the Quarterdeck: The Effect of Pleading Admiralty Jurisdiction When a Proceeding Turns Hybrid,* 63 Tex.L.Rev. 533, 537

n. 19 (1984). **Mr. Dyer's well reasoned and well researched note also suggests several "options" for trying hybrid admiralty cases.** *Id.* at 29.

6. The above ruling is without prejudice, of course, to Underwriters' application, dated February 15, 1999, to file a motion for summary judgment. The parties are directed to appear for a conference on March 12, 1999, at 10:00 a.m., in Courtroom 706 of the U.S. Courthouse, 40 Centre Street, New York, New York, at which

time Underwriters' application and Shree's re-

ply, dated February 18, 1999, will be addressed.