**NORWALK COVE MARINA, INC., Plaintiff,**

v.

**S/V/ ODYSSEUS, Her Engines, et al. in rem,**

and

**Emerald Lady, Inc. and Dennis Mehiel, in personam, Defendants/Third-party Plaintiffs,**

v.

**Kevin Clarke, Third Party–Defendant.**

**No. 3:98CV200 (WWE).**

United States District Court, D. Connecticut.

April 3, 2000.

Frederick A. Lovejoy, Patricia A. Curran, Lovejoy & Associates, Southport, CT, for Norwalk Cove Marina, Inc.

Eric D. Grayson, Greenwich, CT, for S/V ODYSSEUS, Emerald Lady, Inc., Dennis Mehiel.

Frederick A. Lovejoy, Patricia A. Curran, Lovejoy & Assoc., Southport, CT, Kevin C. Beuttenmuller, W. Palm Beach, FL, for Kevin Clarke.

## RULING ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'/ THIRD PARTY PLAINTIFFS' JURY DEMAND

EGINTON, Senior District Judge.

Plaintiff Norwalk Cove Marina filed the instant action in admiralty to recover costs related to the repair and refitting of an 88–foot, French-built sailboat known as the S/V Odysseus, ex: Rocco, Jr. Plaintiff filed this action *in rem* against the vessel S/V Odysseus, Ex: S/V Rocco, Jr. and *in personam* against Emerald Lady and Dennis Mehiel.

Subsequently, defendants/third-party plaintiffs Emerald Lady, Inc. and Dennis Mehiel asserted counterclaims against Norwalk Cove and cross-claims against third-party defendant Kevin Clarke. Specifically, the counterclaims/crossclaims make demand for a jury trial and allege counts of fraud, breach of contract, and violation of the Connecticut Unfair Trade Act Practices. Now pending before the Court is Norwalk Cove's and Clarke's motion to strike the jury demand.

### DISCUSSION

Plaintiff moves to strike the defendants'/third-party plaintiffs' demand for a jury trial based on the fact that the complaint was filed pursuant to admiralty jurisdiction. Defendants/third-party plaintiffs argue that admiralty jurisdiction does not control whether they are allowed a jury trial on their counterclaims.

■ Generally, there is no constitutional right to a jury trial for admiralty claims. *Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 20, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). However, where the complaint is designated as one in admiralty and a compulsory counterclaim contains a jury de-

mand, the question arises whether the plaintiff's admiralty designation should control the procedures for the entire case. *Concordia Company, Inc. v. Panek,* 115 F.3d 67, 70 (1st Cir.1997).

The Court recognizes that a split of authority exists on this issue. Some courts hold that a plaintiff's filing pursuant to admiralty jurisdiction characterizes the whole action. *Harrison v. Flota Mercante Grancolombiana, S.A.,* 577 F.2d 968, 986 (5th Cir.1978); *Camrex (Holdings) Ltd. v. Camrex Reliance Paint Co.,* 90 F.R.D. 313, 317 (E.D.N.Y.1981).

A contrary view was articulated by *Wilmington Trust v. United States District Court for the District of Hawaii,* 934 F.2d 1026 (9th Cir.1991), *cert. denied,* 503 U.S. 966, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992). In that case, the Ninth Circuit held that a plaintiff's election to proceed in admiralty does not deprive a defendant of the right to a jury trial on counterclaims where an alternative source of jurisdiction exists. *See also Sphere Drake Insurance PLC v. J. Shree Corp.,* 184 F.R.D. 258, 261 (S.D.N.Y.1999) (adopting *Wilmington Trust* )

A review of the relevant case law reveals that the approach of *Wilmington Trust* remains to date a minority position. The majority of courts hold that the plaintiff electing to sue in admiralty has the right to determine the character of the action, which should not be disturbed by the defendant's counterclaims. *See St. Paul Fire and Marine Insurance Co. v. Holiday Fair, Inc.* 1996 WL 148350 (S.D.N.Y.1996) (for cases cited therein). Accordingly, plaintiff's motion to strike will be granted.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion to strike the jury demand [doc. # 102] is GRANTED.