WILSON, Circuit Judge,
concurring:
I concur in the Court’s opinion but, as to section II, I have doubts about the correctness of our prior precedent in Harrison v. Flota Mercante Grancolombiana, S.A., 577 F.2d 968 (5th Cir.1978).[1] Relying on Harrison, the district court struck Lago’s demand for a jury trial, reasoning that because “St. Paul elected to file this claim pursuant to Rule 9(h) and Lago’s counterclaim arises out of the same operative facts as St. Paul’s claims, both claims must be tried by [the district court], not by a jury.” Accordingly, St. Paul was successfully able to defeat Lago’s right to a jury trial by invoking Rule 9(h), and designating its declaratory judgment action as one preceding in admiralty jurisdiction. But for Harrison, I believe that the nature of a declaratory judgment action requires a different result with regard to Lago’s demand for a jury trial on its breach of contract counterclaim.
We are bound by our prior panel precedent in Harrison. In Harrison, Grover Harrison, a longshoreman, suffered injuries stemming from an incident aboard a freighter when barrels containing an industrial chemical fell and leaked in the hold and Harrison offered assistance as part of the clean-up crew. Harrison sued Flota Mercante Grancolombiana, S.A. (“Flota Mercante”), the owner of the vessel, alleging negligence and unseaworthiness. Harrison invoked admiralty juris *1193 diction pursuant to Rule 9(h). Flota Mercante, in turn, impleaded Harrison’s employer, James J. Flanagan Stevedores (“Stevedores”), “alleging that the unseaworthiness of the vessel, if any, was due to the employer’s negligence.” Harrison, 577 F.2d at 973. Stevedores, in turn, filed a fourth-party complaint against Rohm and Haas Company, the shipper of the industrial chemical, seeking indemnification based on product liability and negligent failure to warn. Flota Mercante, as the vessel owner, also filed a claim against Rohm and Haas.[2] Following the lead of both the vessel owner and his employer, Harrison amended his complaint to state a claim against Rohm and Haas, alleging product liability and negligent failure to warn. Once again, Harrison invoked admiralty jurisdiction pursuant to Rule 9(h).
The district court found against Rohm and Haas, only. Rohm and Haas appealed, arguing, inter alia, that the district court deprived it of the right to trial by jury. In support, Rohm and Haas asserted two arguments: (1) Stevedores’ third-party complaint against it cited Rule 14(a), not Rule 14(c), as the basis for its indemnity claim;[3] and (2) the claims against it (negligence and product liability) may fall within the district court’s diversity jurisdiction. Id. at 985-86. Therefore, notwithstanding the plaintiffs invocation of Rule 9(h), Rohm and Haas argued, it was entitled to a trial by jury.
The Fifth Circuit disagreed, explaining that “by electing to proceed under 9(h) rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist.” Id. at 986. The Harrison Court found the plaintiffs election under Rule 9(h) “dispositive” as to whether Rohm and Haas was entitled to a jury trial. Id. at 986. The Fifth Circuit then highlighted the fact that Harrison “elected to proceed against both the vessel [Flota Mercante] and the shipper, Rohm and Haas, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, with the attendant right to a non-jury trial.” Id. at 987. The Fifth Circuit found that the Stevedores’ invocation of Rule 14(a), as opposed to Rule 14(c), was “of no consequence” for three reasons. Id. First, the court “refuse[d] to permit a third-party defendant [Stevedores] to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant [Rohm and Haas].” Id. Second, Harrison’s claims against Flota Mercante (first complaint) and Rohm and Haas (fourth-party complaint) stem from the same set of operative facts. Id. Third, Harrison amended his complaint to state a claim against Rohm and Haas and, in doing so, invoked Rule 9(h). Id. In conclusion, because Harrison elected to pursue an admiralty claim pursuant to Rule 9(h), the Fifth Circuit concluded that the district court did not err in denying Rohm and Haas a jury trial.
Here, we conclude that “our prior precedent rule requires us to follow Harrison.” Majority Op. at 1188. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir.2008) (per curiam) (“Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.”) (citation and internal quotation marks omitted). Specifically, we rely on the following passage: “by electing to proceed under Rule 9(h), rather than by *1194 invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist.” Majority Op. at 1188 (citing Harrison, 577 F.2d at 986).
Although we are bound by the Fifth Circuit’s analysis, I believe that the Fourth Circuit sets forth a more persuasive analysis. In In re Lockheed Martin Corporation, 503 F.3d 351 (4th Cir.2007), cert. denied, — U.S. -, 128 S.Ct. 2080, 170 L.Ed.2d 815 (2008), a case indistinguishable from this case on its facts, the Fourth Circuit addressed “the right to a trial by jury in an admiralty ease.” 503 F.3d at 352. There, Lockheed Martin’s (“Lockheed”) ship suffered damages at sea and a dispute regarding coverage arose between Lockheed and its insurer, National Casualty Company (“National”). National filed a declaratory judgment action against Lockheed, seeking a declaration that Lockheed’s claims were time barred.[4] National designated its claim as one in admiralty. Lockheed answered and filed a counterclaim, seeking payments for the damages to the ship. Lockheed requested a jury trial, which the district court subsequently struck. Lockheed petitioned the Fourth Circuit for a writ of mandamus. The Fourth Circuit issued the writ and said that “[a]n admiralty plaintiff who chooses to proceed ‘at law,’ ... has the right under the saving-to-suitors clause to demand a jury trial.” Id. at 355.[5] Lockheed pre *1195 sented two arguments: (1) because it asserted an in personam counterclaim against National meeting the requirements of diversity jurisdiction, “it has the right under the saving-to-suitors clause to demand a jury trial on the counterclaim;” and (2) it had the right to a jury trial under Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), “in which the Supreme Court held that the right to a jury trial in a declaratory judgment action depends on whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle.” Lockheed Martin, 503 F.3d at 355. The Fourth Circuit declined to consider the merits of the first argument but agreed with Lockheed as to its second argument.[6]
Having determined that the Seventh Amendment applies to admiralty claims tried “at law” by way of the savings-to-suitors clause, the Fourth Circuit recognized that National decided to proceed in admiralty, not at law. Given the nature of a declaratory judgment action, the Fourth Circuit found National’s admiralty designation under Rule 9(h) not to be disposi-tive of the right to a jury trial issue:
This case, like Beacon Theatres, involves a declaratory judgment action commenced by the party that, but for the existence of the declaratory judgment procedure, would have been the defendant. Although the action sounds in admiralty, that is only because National won the race to the courthouse door and made the Rule 9(h) designation first. Beacon Theatres, however, requires us to ignore National’s status as the declaratory judgment plaintiff and to instead look to how the action otherwise would have proceeded. Without the declaratory judgment vehicle, Lockheed would have sued National for breach of the insurance policy, a claim over which admiralty and “law” courts have concurrent jurisdiction. As the plaintiff, Lockheed would have been entitled under the saving-to-suitors clause to designate its claim as a legal one as to which there is a Seventh Amendment right to jury trial.
Id. at 359. The Fourth Circuit’s conclusion rested on two points: (1) “[i]n the usual course of events-that is, without the declaratory judgment vehicle-Loekheed would have sued National for breach of the insurance contract;” and (2) “under the saving-to-suitors clause, Lockheed would have been entitled to a jury trial on that claim.” Id. at 359-60. Accordingly, “Lockheed cannot lose its right to a jury trial simply because National initiated the declaratory judgment action.” Id. at 360.
This case stands on all fours with Lockheed Martin. The facts are indistinguishable: insurer sues insured for declaratory judgment that insurance policy does not provide coverage; insurer invokes Rule 9(h); and, insured files a counterclaim for breach of insurance contract, pleads diversity jurisdiction, and demands a jury trial. Similarly to Lockheed Martin, two points *1196 lead me to conclude that Lago was entitled to a jury trial on its breach of contract claim: (1) Lago would have been entitled to a jury trial on its breach of contract counterclaim pursuant to the “saving to suitors” clause; and (2) the unique nature of a declaratory judgment action.
Generally speaking, the Seventh Amendment does not extend the right to a jury trial to cases in admiralty. See Waring, 46 U.S. at 460. Yet, “[wjhile [the Supreme] Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress, or Rule of Procedure, civil or admiralty, forbid jury trials in maritime cases.” Fitzgerald, 374 U.S. at 20, 83 S.Ct. 1646. Under Supreme Court precedent, moreover, the Seventh Amendment right to a trial by jury may apply in admiralty cases tried at law by way of the savings-to-suitors clause. In Ellerman Lines, Leighton Beard, a longshoreman employed by Atlantic and Gulf Stevedores (“Atlantic”), suffered injuries while unloading bales of burlap from a vessel owned by Ellerman Lines, Ltd. (“Ellerman”), who had hired Atlantic to perform stevedoring services. 369 U.S. at 359-60, 82 S.Ct. 780. Beard sued Ellerman in United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction, alleging unseaworthiness of the vessel and negligence. Beard designated the action as one at law and demanded a jury trial. Ellerman, in turn, impleaded Atlantic as Beard’s employer, alleging negligence based on its “manner and method of unloading” and seeking indemnification in the event it were held liable to Beard. Based on the jury’s answers to special interrogatories, the district court entered judgment in favor of Beard against Eller-man and in favor of Atlantic on Ellerman’s indemnity claim. The United States Court of Appeals for the Third Circuit affirmed the judgment in favor of Beard but reversed the judgment in favor of Atlantic. Finding a violation of the Seventh Amendment’s prohibition against the reexamination of facts by a court,[7] the Supreme Court reversed, reasoning that “neither we nor the Court of Appeals can redetermine facts found by the jury any more than the District Court can predetermine them.” Id. at 358-59, 82 S.Ct. 780. The Supreme Court began its analysis by noting the application of the Seventh Amendment to that case: “[tjhe requirements of the Seventh Amendment were brought into play in this case, even though a stevedoring contract is a maritime contract.” Id. at 359, 82 S.Ct. 780. Of particular relevance here, the Supreme Court explained that “[t]his suit being in the federal courts by reason of diversity of citizenship carried with it, of course, the right to trial by jury.” Id. at 360, 82 S.Ct. 780.
Ellerman Lines affirms the principle that the Seventh Amendment may apply to admiralty cases tried at law by way of the savings-to-suitors clause. See Lockheed Martin, 503 F.3d at 356 (“In our view, Ellerman makes it clear that the Seventh Amendment applies to admiralty claims that are tried ‘at law’ by way of the saving-to-suitors clause.”); Ghotra by Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1054 (9th Cir.1997) (“The difference between [proceeding in admiralty or at law in state or federal court] is mostly procedural; of greatest significance is that there is no right to jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or *1197 brought in state court.”); Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F.2d 1038, 1041 (8th Cir.1983) (“An admiralty claim that is also cognizable as a civil claim, however, may be brought as an ordinary civil action. In these cases, the right to trial by jury attaches.”); In the Matter of Complaint of McAllister Towing of Va., Inc., 999 F.Supp. 797, 799 (E.D.Va.1998) (“One of the remedies saved to suitors is the right to a trial by jury.”).
Ellerman Lines, therefore, belies St. Paul’s argument that the Seventh Amendment does not apply to admiralty cases. As the Fourth Circuit in Lockheed Martin put it, such a contention is an “oversimplification:” “[w]hile the Seventh Amendment is not applicable to an admiralty claim, it can be applicable to certain claims — those over which the ‘law1 court has concurrent jurisdiction.” Lockheed Martin, 503 F.3d at 359. In addition, the Supreme Court has even endorsed allowing traditional non-jury admiralty claims to be tried by a jury. See Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) (holding “that a maintenance and cure claim joined with a Jones Act claim [that, by statute, carries the right to a jury trial] must be submitted to the jury when both arise out of one set of facts”).
Assuming the presence of diversity jurisdiction,[8] the Seventh Amendment may apply to Lago’s counterclaim for breach of the maritime insurance contract. See El-lerman Lines, 369 U.S. at 359-60, 82 S.Ct. 780 (providing that “a suit for breach of a maritime contract, while it may be brought in admiralty, may also be pursued in an ordinary civil action, since ... it is a suit in personam”) (footnote and internal citation omitted).
Although St. Paul elected to proceed in admiralty, rather than at law, I do not believe that a plaintiffs election to proceed in admiralty pursuant to Rule 9(h) in a declaratory judgment action trumps the Seventh Amendment’s guarantee of the right to a trial by jury where it would otherwise apply. Rather, the Supreme Court instructs that a declaratory judgment action cannot defeat the Seventh Amendment’s guarantee to a jury trial on a “legal” counterclaim because the counterclaim represents the real controversy.
In Beacon Theatres, the Supreme Court addressed the right to a jury trial when a claim for declaratory relief is a part of the equation. After Beacon Theaters, Inc. (“Beacon”) notified Fox West Coast Theaters (“Fox”) that it believed Fox had violated federal antitrust laws, Fox filed a declaratory judgment action, seeking a declaration that it had not violated the Sherman Antitrust Act. Beacon filed a counterclaim, alleging antitrust violations and seeking treble damages. Beacon also demanded a jury trial. The district court viewed Fox’s claims as equitable and ordered that its claims be tried in a bench trial before a jury considered Beacon’s counterclaim. Unsatisfied with that decision, Beacon sought a writ of mandamus from the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit refused to issue the writ and Beacon appealed to the Supreme Court. The Supreme Court issued the writ, reasoning that the declaratory judgment statute
while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties. It follows that if Beacon would have been entitled to a jury trial in a treble damage suit against Fox it cannot be deprived of that right merely because Fox took advantage of the availability of declaratory relief to sue Beacon first. Since the right to trial by jury applies to treble damage suits under the *1198 antitrust laws, and is, in fact, an essential part of the congressional plan for making competition rather than monopoly the rule of trade, the Sherman and Clayton Act issues on which Fox sought a declaration were essentially jury questions.
Beacon Theatres, 359 U.S. at 504, 79 S.Ct. 948 (footnote and internal citation omitted). In other words, the right to a jury trial in a declaratory judgment action depends on whether there would have been a right to a jury trial had the action proceeded without the declaratory judgment vehicle. See also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 284, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (“Actions for declaratory judgments are neither legal nor equitable, and courts have therefore had to look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy.”).
St. Paul argues that Beacon Theatres does not apply here for two reasons: (1) it did not address the “interplay” of an admiralty claim and the Seventh Amendment, and (2) the Supreme Court decided it before the unification of civil and admiralty procedure in 1966. I find both reasons unavailing. Like Beacon Theatres, this case involves a “legal” claim (Lago’s breach of contract) to which the Seventh Amendment applies just as the Seventh Amendment applied to Beacon’s claim for treble damages under the Sherman Act. In addition, the Ninth Circuit found Beacon Theatres applicable in a similar scenario, holding that a plaintiffs election to proceed in admiralty does not deprive another party of a jury trial on a properly joined claim. See Wilmington Trust v. United States District Court for the District of Hawaii, 934 F.2d 1026, 1032 (9th Cir.1991); see id. at 1031 (noting that the Supreme Court in Beacon Theatres “held that the right to a jury trial as provided by the seventh amendment overcomes another party’s preference for a bench trial when those interests conflict”).[9] Second, as to St. Paul’s unification argument, “[t]he merger of civil and admiralty procedure in 1966 ... made no change in the complicated pattern of when a right to jury trial exists.” 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2315 (2008).
As this Circuit has noted, in the context of a declaratory judgment action, “the normal position of the parties is reversed.” Hudson Ins. Co. v. Am. Elec. Corp., 957 F.2d 826, 828 (11th Cir.1992); Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 862 (11th Cir.2008). In that sense, Lago is the real plaintiff-in-interest and St. Paul is the real defendant-in-interest. Moreover, our precedent teaches that the complaint for declaratory relief does not control the case, at least for purposes of determining the presence of a federal question. In Hudson, we looked not to the face of the complaint but to the cause of action anticipated by the declara *1199 tory judgment plaintiff: “[wjhere the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.” Hudson Ins., 957 F.2d at 828 (quoting Public Serv. Comm’n v. Wycoff Co., 344 U.S. 237, 248, 73 S.Ct. 236, 97 L.Ed. 291 (1952)); see also Stuart Weitzman, LLC v. Microcomputer Res., Inc., 542 F.3d 859, 862 (11th Cir.2008) (providing that the inquiry into the presence of a federal question turns on “whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court. To do this, we must analyze the assumed coercive action by the declaratory judgment defendant”). Likewise here, Lago’s counterclaim for breach of contract represents the actual matter in controversy. We even acknowledge as much in the majority opinion, referring to Lago’s counterclaim for breach of contract as the “flip side” of St. Paul’s declaratory judgment complaint. Majority Op. at 1185. Consequently, the fact that Lago filed a counterclaim to protect its right to a jury trial is essentially irrelevant. See Lockheed Martin, 503 F.3d at 358.
In Beacon Theatres, a defendant’s right to a jury trial on a “legal” counterclaim was upheld, even though the plaintiff sought declaratory relief in equity, traditionally a non-jury case. Similarly here, Lago should be entitled to a jury trial on its “legal” counterclaim for breach of contract even though St. Paul sought declaratory judgment and invoked admiralty jurisdiction, again, traditionally a non-jury case. Given the nature of a declaratory judgment action as a reversed lawsuit, Lago should not be deprived of the right to a jury trial because St. Paul “took advantage of the availability of declaratory relief to sue [Lago] first.” Beacon Theatres, 359 U.S. at 504, 79 S.Ct. 948.
Taking into consideration the savings-to-suitors clause and the nature of a declaratory judgment action Lago is entitled to a jury trial in this case. First, by way of the savings-to-suitors clause, the Seventh Amendment may apply to claims triable at law, such as Lago’s breach of contract counterclaim. Second, Beacon Theatres instructs us to consider how the cause of action would have proceeded in the absence of the declaratory judgment vehicle. Therefore, Lago would have been entitled to designate his breach of contract counterclaim as “legal,” affording Lago the protection of the Seventh Amendment and the right to a trial by jury.
“Trial by jury is a vital and cherished right, integral in our judicial system.” City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 258, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949). Thomas Jefferson described “trial by jury as the only anchor ever yet imagined by man, by which a government can be held to the principles of its Constitution.” 3 The Writings of Thomas Jefferson 71 (Washington Ed. 1861). Under our current precedent, the guarantee of this “vital and cherished right” in an admiralty case where a counterclaim may be tried “at law” hinges on whether the insurer files a declaratory judgment action before the insured files his or her claim for breach of contract. The “anchor” in our Constitution demands more exacting scrutiny than a race to the courthouse doors.

. In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the newly-formed Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

. The Fifth Circuit did not specify the nature of Flota Mercante's claim against Rohm and Haas.

. Rule 14(a) addresses third-party practice generally and Rule 14(c) addresses third-party practice specifically in an admiralty or maritime claim. See Fed.R.Civ.P. 14.

. National later amended its complaint, alternatively seeking a declaration of Lockheed’s amount of loss.

. Section 1333 of Title 28, known as the savings-to-suitors clause, sets forth the basis for admiralty jurisdiction: "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (l)[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.” 28 U.S.C. § 1333(1). Stated differently, the saving to suitors clause establishes the right of a party to choose whether to proceed within a court’s admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist. See Waring v. Clarke, 46 U.S. (5 How) 441, 461, 12 L.Ed. 226 (1847) (describing the “saving to suitors” clause to mean "that in cases of concurrent jurisdiction in admiralty and common law, the jurisdiction in the latter is not taken away”); Harrison, 577 F.2d at 986. The Sixth Circuit has explained distinctly the meaning of the savings-to-suitors clause:
First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject matter jurisdiction over admiralty, maritime, and prize cases set out in Section 1333. Neither diversity of citizenship nor a minimum amount in controversy need be shown under the statute. On the other hand, most plaintiffs have no right to a trial by jury if they invoke the federal court’s general admiralty jurisdiction. Second, by virtue of the "saving clause,” plaintiff also may sue at law in a state court or in a United States district court. However, to pursue the latter choice, the requirements of diversity of citizenship and jurisdictional amount must be satisfied.
In re: Chimenti, 79 F.3d 534, 537 (6th Cir.1996) (citation omitted). The Supreme Court, however, has limited the scope of the savings-to-suitors clause, drawing a distinction between an in rem claim and an in personam claim: "[wjhere the suit is in personam, it may be brought either in admiralty or, under the saving clause, in an appropriate non-maritime court, by ordinary civil action.” Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, 369 U.S. 355, 360, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) (citation and quotation marks omitted); see also Madruga v. Superior Court of State of Cal. in and for San Diego County, 346 U.S. 556, 560-561, 74 S.Ct. 298, 98 L.Ed. 290 (1954) (interpreting the savings-to-suitors clause to mean that the common law is "competent” to adjudicate cases proceeding in per-sonam, where the defendant is a person, but not proceedings in rent). As such, the savings-to-suitors clause provides a plaintiff in a maritime case alleging an in personam claim with three options: (1) the plaintiff may file suit in federal court under admiralty jurisdiction; (2) the plaintiff may file suit in federal court under diversity jurisdiction; or (3) the plaintiff may file suit in state court.

. In fact, the Fourth Circuit explained that its holding did not rest on Lockheed's counterclaim, but on the procedural posture of that case as a declaratory judgment action:
We agree with National that permitting such counterclaims to effectively undo the plaintiff's Rule 9(h) designation would be inconsistent with the historic admiralty practice of giving the plaintiff the power to determine the manner in which his claims would be tried. We need not decide, however, whether the counterclaims asserted by Lockheed are “true” counterclaims, nor need we decide how a defendant's jury demand would be resolved if his counterclaims were not true counterclaims. We need not consider these issues because we agree with Lockheed that Beacon Theatres requires a jury trial in this case, even if no counterclaims had been filed.
Lockheed Martin, 503 F.3d at 358 (emphasis added).

. The Seventh Amendment provides, in pertinent part, that “no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.” U.S. Const, amend. VII.

. Lago pled diversity jurisdiction in its counterclaim.

. Other courts have also applied the reasoning of Beacon Theatres to address the right to a jury trial in an admiralty case. See The Continental Ins. Co. v. Indus. Terminal & Salvage Co., No. 05CV1142, 2005 WL 2647950, at *1-2 (W.D.Pa. Oct. 17, 2005) (relying on Beacon Theatres and denying insurer’s motion to strike insured's jury trial demand in a declaratory judgment action under admiralty jurisdiction); Canal Barge Co. v. Commonwealth Edison Co., No. 98 C 0509, 2002 WL 206054, at * (N.D.Ill. Feb. 11, 2002) (finding Beacon Theatres "persuasive” and noting that "[t]he same reasoning [employed in Beacon Theatres] applies when parties join non-admiralty claims to which a right to a jury trial attaches with admiralty claims”); Sphere Drake Ins. PLC v. J. Shree Corp., 184 F.R.D. 258, 261 (S.D.N.Y.1999) (finding Beacon Theatres "persuasive and compelling” and denying an insurer's motion to strike insured's jury trial demand in a declaratory judgment action under admiralty jurisdiction).